## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **Criminal Case:  18-CR-270 (DLF)(RMM)** |
| **v.** | : | |
| | : | |
| | : | |
| **MICHAEL HENSLEY,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT
### OF PRETRIAL DETENTION

#### Introduction

The United States of America, by and through the U.S. Attorney for the District of Columbia, submits this memorandum in support of the defendant's pretrial detention.  As explained below, and as the government will demonstrate at any hearing on this matter, no condition or combination of conditions will reasonably assure the appearance of the defendant (Defendant) at trial or pretrial proceedings.  Accordingly, the Court should grant the government's motion to detain Defendant pending trial.

#### Principles Governing Requests for Detention

Under the Bail Reform Act, courts consider the following factors in determining whether some condition, or combination of conditions, will reasonably assure a defendant's appearance at trial and pre-trial proceedings:  the nature and circumstances of the charged offenses; the weight of the evidence against the defendant; the history and characteristics of the defendant; and the nature and seriousness of the danger to any person or to the community that would be posed by

the defendant's release.  18 U.S.C. § 3142(g); *see United States v. Bikundi*, 47 F. Supp. 3d 131, 133 (D.D.C. 2014); *United States v. Hong Vo*, 978 F. Supp. 2d 41, 43 & n.1 (D.D.C. 2013).

At a detention hearing, the government may present evidence by way of a proffer.  *See United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996); *United States v. Roberson*, No. 15-cr-121, 2015 WL 6673834, at *1 (D.D.C. Oct. 30, 2015).  When the government seeks to detain a defendant on the ground that the defendant is a risk of flight pursuant to 18 U.S.C. § 3142 (f)(2)(A), the government must demonstrate the defendant's flight risk by a preponderance of the evidence.  *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996).

### Factual Proffer of the Evidence Supporting the Charges

On or about Sunday, September 2, 2018, at approximately 8:09 p.m., a United States Secret Service officer observed Defendant standing on the restricted grounds of the White House complex near 1500 Alexander Hamilton Place, NW, Washington, D.C.  The restricted grounds were cordoned off with physical barriers.  Multiple signs were posted alerting those present that the area was restricted.

Defendant was approximately 50 feet away from the Secret Service officer when the officer first observed Defendant standing within the restricted White House grounds.  The officer directed Defendant to stop and show his hands. The officer was in full uniform.  Defendant turned to look at the officer.  Defendant appeared startled and was wide-eyed.  Defendant then ran westbound away from the officer and deeper into the White House grounds.

After running some distance, Defendant stopped as two more Secret Service officers approached him from the southwest and the first officer approached him from the east.  The first officer directed Defendant to get on the ground.  Defendant hesitated and looked nervously around his surroundings.  Defendant darted between parked cars.  Defendant was given additional commands to get on the ground.  Defendant complied and got down on the ground.  He was then placed under arrest.

## Additional Information Supporting Detention

In addition to the charged offense, the government is aware of the following information that supports the conclusion that no condition or combination of conditions can reasonably assure Defendant's appearance at trial.  First, Defendant has already demonstrated, in this very case, that he cannot be relied upon to appear for pretrial proceedings as scheduled.  After Defendant's arrest for the instant offense, Defendant was brought before the District of Columbia Superior Court over the holiday weekend, as the federal court was closed.  The Superior Court judge released Defendant but ordered him to appear in federal court the following day — Tuesday, September 4 — at 1:30 p.m.  Defendant failed to appear as ordered.  At 2:30 p.m. on September 4, this Court issued a bench warrant for Defendant's arrest.

The government submits that the following additional information is also relevant to the question of whether Defendant should be released.  Defendant eventually appeared at the federal courthouse after this Court issued a bench warrant based on his failure to appear.  While in the courthouse, Defendant punched an individual with a closed fist, striking the victim on the side of his head.  Defendant was arrested and charged with simple assault.  That case is now pending in D.C. Superior Court under case number 2018 CMD 13067.

Defendant's demeanor at the time of his arrest on the instant offense is also relevant to the Court's decision of whether to hold him pending trial.  During and after his arrest, Defendant appeared incapable of remaining still and was fidgeting erratically, including wiggling all of his fingers and jerking his head from side to side.  Defendant was also mumbling to himself.  The Defendant then stated, "Do you know who I am?"  Defendant repeated this question multiple times.  Defendant also had random outbursts of laughter.

The instant offense is not Defendant's first incident at the White House.  Defendant was involved in another incident approximately two weeks before he was arrested in this case.  On or about August 15, 2018, at approximately 7:50 a.m., Defendant was observed outside the restricted White House grounds in the same general area as the instant offense.  Defendant approached one of the Secret Service officers on

duty.  Defendant stated that he was there to give phones to President Donald J. Trump and former President

Barack Obama.  No arrest was made at that time.

## No Condition or Combination of Conditions Will Reasonably Assure the Defendant's Appearance in Court

The government submits that the totality of information discussed in this memorandum

supports the conclusion that, if he is released, no condition or combination of conditions will

reasonably assure Defendant's presence at trial or pre-trial proceedings.  Accordingly, Defendant

should be held pending trial.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar Number 472845

By: _____/s/_____
THOMAS N. SAUNDERS
Assistant United States Attorney
N.Y. Bar Number 4876975
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C.  20530
Telephone: 202-252-7790
Email: Thomas.Saunders@usdoj.gov