UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | Criminal Case: 18-CR-270 (DLF)(RMM) |
| v. : | |
| : | |
| : | |
| MICHAEL HENSLEY, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S SECOND MEMORANDUM IN SUPPORT
OF PRETRIAL DETENTION**

**Introduction**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits this second memorandum in support of the pretrial detention of Defendant Michael Hensley (hereinafter, Defendant).[1] As explained below, the Court should defer ruling on the government's request for detention until after a competency hearing and any necessary period of competency treatment. Should the Court decline to defer its ruling, however, and as the government will demonstrate at any hearing on this matter, no condition or combination of conditions will reasonably assure Defendant's appearance at trial and any pretrial proceedings. Accordingly, the Court should grant the government's motion to detain Defendant pending trial.

**Procedural History**

On September 4, 2018, the government filed a two-count Information charging Defendant with: (1) entering or remaining in a restricted area or grounds, in violation of 18 U.S.C. § 1752(a)(1); and (2) entering restricted public property, in violation of 22 D.C. Code § 3302(b). On

---

[1] On September 10, 2018, the government filed a Memorandum in Support of Pretrial Detention. ECF No. 5. The government is filing this second motion to address any change in circumstances.

September 6, 2018, the Court ordered that Defendant be examined by the psychological or psychiatric staff of the D.C. Department of Behavioral Health (DBH) for the purpose of a forensic screening for a preliminary assessment of Defendant's competency. DBH completed its screening evaluation and submitted its report on September 13, 2018. The examining psychologist concluded, "On the basis of this evaluation, it is my opinion with a reasonable degree of psychological certainty that the defendant is currently incompetent to stand trial. It is recommended that the defendant is transferred to a federal facility for further evaluation and treatment." On September 18, 2018, the Court granted the government's motion for a forensic competency evaluation and ordered, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b), that Defendant be committed to the custody of the Attorney General for a period not to exceed 30 days and that a psychiatric or psychological examination of Defendant be performed at a federal medical center or other suitable facility. ECF No. 7 at 1. The Court further ordered that, after such examination, a written report be filed pursuant to 18 U.S.C. § 4247(c), including the examiner's opinion as to whether Defendant is suffering from a mental disease or defect rending him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist in his defense. *Id*. at 2.

The Federal Bureau of Prison's (BOP's) report (the Forensic Evaluation) ultimately was completed on December 24, 2018, and filed on December 28, 2018. ECF No. 12. The Forensic Evaluation contains the examining psychologists' diagnosis that Defendant suffers from unspecified schizophrenia spectrum and other psychotic disorder. *Id*. at 5. It concludes that there is substantial evidence to indicate that Defendant suffers from a mental disorder that substantially impairs his ability to properly assist his counsel in a defense and recommends that he be committed

to a federal medical center for treatment to competency pursuant to 18 U.S.C. § 4241(d). ECF No. 12 at 7.

## Argument

As explained below, the government submits that the Court should defer its ruling on detention until after a competency hearing and any necessary period of competency treatment. Should the Court decide to proceed with the detention hearing, the government submits that detention is appropriate here because no condition or combination of conditions will reasonably assure the appearance of Defendant as required. Accordingly, the Court should make the requisite findings and order Defendant detained pending trial.

### A. The Court Should Defer Ruling on the Government's Request for Pretrial Detention.

The Court should defer ruling on the government's request for detention until after a competency hearing and any necessary period of competency treatment. As discussed above, BOP's Forensic Evaluation concludes that there is substantial evidence to indicate that Defendant suffers from a mental disorder that substantially impairs his ability to properly assist his counsel in a defense and recommends that he be committed to a federal medical center for treatment to competency pursuant to 18 U.S.C. § 4241(d). ECF No. 12 at 7. "[I]f there is reasonable cause to believe that a defendant has a mental disease rendering him unable to understand the nature and consequences of the proceedings and against him and/or to assist in his defense, it makes sense that the preliminary hearing and detention hearing be deferred until such time as the defendant has been determined to be mentally competent." *United States v. Moser*, 541 F. Supp. 2d 1235, 1237 (W.D. Okla. 2008). *But see United States v. Crawford*, 738 F. Supp. 564, 565 (D.D.C. 1990) ("[T]he need for scrutinizing a defendant's understanding of the proceedings at initial phases appears to be somewhat lesser than during trial."). Were the Court to hold a detention hearing and

order Defendant detained pretrial, once Defendant is restored to competency he may well argue that he was unlawfully detained pretrial given his inability to assist in his defense. For example, § 3142(f)(2) provides that, at a detention hearing, a defendant "shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." Given Defendant's mental state, it is difficult to imagine how he would assist in the exercise of any of these rights. Moreover, where there are concerns about a defendant's competency to understand the proceedings, it is difficult to assess the defendant's risk of flight in any meaningful way.

### B. Alternatively, the Court Should Order Defendant Detained Pending Trial.

Should the Court elect to proceed with a detention hearing, the government respectfully submits that no condition or combination of conditions will reasonably assure Defendant's appearance at trial and any pretrial proceedings.

#### 1. Principles Governing Requests for Detention

Under the Bail Reform Act, courts consider the following factors in determining whether some condition, or combination of conditions, will reasonably assure a defendant's appearance at trial and pretrial proceedings: the nature and circumstances of the charged offenses; the weight of the evidence against the defendant; the history and characteristics of the defendant; and the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *see United States v. Bikundi*, 47 F. Supp. 3d 131, 133-34 (D.D.C. 2014); *United States v. Hong Vo*, 978 F. Supp. 2d 41, 42-43 & n.1 (D.D.C. 2013). As detailed below, each of these factors supports the government's position that Defendant is a flight risk and that no condition or combination of conditions can reasonably assure Defendant's appearance at trial and any pretrial proceedings.

At a detention hearing, the government may present evidence by way of a proffer. *See United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996); *United States v. Roberson*, No. 15-cr-121, 2015 WL 6673834, at *1 (D.D.C. Oct. 30, 2015). When the government seeks to detain a defendant on the ground that the defendant is a risk of flight pursuant to 18 U.S.C. § 3142 (f)(2)(A), the government must demonstrate the defendant's flight risk by a preponderance of the evidence. *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996).

### 2. Nature and Circumstances of the Charged Offenses

On or about Sunday, September 2, 2018, at approximately 8:09 p.m., a United States Secret Service officer observed Defendant standing on the restricted grounds of the White House complex near 1500 Alexander Hamilton Place, N.W., Washington, D.C. The restricted grounds were cordoned off with physical barriers. Multiple signs were posted alerting those present that the area was restricted. Defendant was approximately 50 feet away from the Secret Service officer when the officer first observed him standing within the restricted White House grounds. The officer, who was in full uniform, directed Defendant to stop and show his hands. Defendant turned to look at the officer, appearing startled and was wide-eyed. Defendant then ran westbound away from the officer and deeper into the White House grounds.

After running some distance, Defendant stopped as two more Secret Service officers approached him from the southwest and the first officer approached him from the east. The first officer directed Defendant to get on the ground. Defendant hesitated and looked nervously around his surroundings then darted between parked cars. Defendant was given additional commands to get on the ground; he ultimately complied and got down on the ground. Defendant was then placed under arrest.

During and after his arrest, Defendant appeared incapable of remaining still and was fidgeting erratically, including wiggling all of his fingers and jerking his head from side to side. Defendant also was mumbling to himself. The Defendant then stated, "Do you know who I am?" Defendant repeated this question multiple times and also had random outbursts of laughter.

### 3. Weight of the Evidence Against Defendant

As discussed above, at least three Secret Service officers observed Defendant on the restricted grounds of the White House complex.

### 4. History and Characteristics of Defendant

Defendant has demonstrated, in this very case, that he cannot be relied on to appear for pretrial proceedings as scheduled. After Defendant's arrest, Defendant was brought before the District of Columbia Superior Court over the holiday weekend, as the federal court was closed. The Superior Court judge released Defendant but ordered him to appear in federal court the following day—Tuesday, September 4—at 1:30 p.m. Defendant failed to appear as ordered. At 2:30 p.m. on September 4, this Court issued a bench warrant for Defendant's arrest. Defendant eventually appeared at the federal courthouse after this Court issued a bench warrant based on his failure to appear.

Further, the instant offense is not Defendant's first incident at the White House. Defendant was involved in another incident approximately two weeks before he was arrested in this case. On or about August 15, 2018, at approximately 7:50 a.m., Defendant was observed outside the restricted White House grounds in the same general area as the instant offense. Defendant approached one of the Secret Service officers on duty. Defendant stated that he was there to give phones to President Donald J. Trump and former President Barack Obama. Defendant was not arrested at that time.

**5. Nature and Seriousness of Danger to Any Person or to the Community**

While the government is proceeding on a theory of risk of flight, there is evidence that Defendant presents a danger to the community. While in the courthouse on September 5, 2018, after the bench warrant discussed above was issued, Defendant punched an individual with a closed fist, striking the victim on the side of his head. Defendant was arrested and charged with simple assault. That case is now pending in D.C. Superior Court under case number 2018 CMD 13067. A status hearing is scheduled for February 11, 2019.

## Conclusion

The Court should defer ruling on the government's request for detention until after a competency hearing and any necessary period of competency treatment. Should the Court decline to defer its ruling, however, the government will be able to demonstrate by a preponderance of the evidence that, if he were to be released, no condition or combination of conditions would reasonably assure Defendant's presence at trial and any pretrial proceedings. Accordingly, Defendant should be held pending trial.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar Number 472845

By: _____/s/_____
JOLIE F. ZIMMERMAN
Assistant United States Attorney
N.Y. Bar Number 465110
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-7220
Email: Jolie.Zimmerman@usdoj.gov

Certificate of Service

I HEREBY CERTIFY that a copy of the foregoing Second Memorandum in Support of Pretrial Detention was delivered via the Court's electronic filing system to Tony Miles, counsel for the defendant, this 16th day of January, 2019.

                                                /s/
                                     Jolie F. Zimmerman
                                     Assistant United States Attorney